UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DENNIS STALLWORTH, individually and on behalf of SEDRICK STALLWORTH, ET AL.** | : | **DOCKET NO. 2:18-cv-00440** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **PACKAGING CORPORATION OF AMERICA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiffs Dennis and Dorothy Stallworth, individually and on behalf of Sedrick Stallworth. Doc. 13. Defendant, Packaging Corporation of America ("PCA"), opposes remand. Doc. 15. Also before the court is defendant's unopposed Motion to Strike. Doc. 16. The motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that defendant's motion to strike be **GRANTED. IT IS FURTHER RECOMMENDED** that plaintiffs' motion to remand be **DENIED** and that all claims against James Machine Works, LLC, Timothy Wohlers, Floyd LeBleu, and Raymond Lester be **DISMISSED WITHOUT PREJUDICE.**

### I.
#### BACKGROUND

This cases arises from an explosion that occurred during an annual maintenance outage at the paper mill owned by PCA in DeRidder, Louisiana, which resulted in the death of plaintiffs' son, Sedrick Stallworth. Doc. 1, att. 7, p. 2. On January 26, 2018, plaintiffs, both Alabama

residents, filed suit in the 36th Judicial District Court, Beauregard Parish, Louisiana. *Id.* They sought to recover individually and on behalf of their son against PCA, "a Delaware corporation with its principal place of business in Illinois," Floyd J. LeBleu and Raymond Lester, both of whom are residents of Louisiana; and James Machine Works, LLC ("JMW"), "a Louisiana limited liability company with its principal place of business located in the Parish of Ouachita, State of Louisiana." *Id.* On March 22, 2018, plaintiffs appear to have amended their petition in state court via facsimile filing to add Timothy Wohlers, a Louisiana resident, as a defendant. Doc. 8, att. 1, pp. 1, 4.

On April 2, 2018, PCA removed the action to this court on grounds that it has jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiffs seek damages totaling more than $75,000 and there is complete diversity between the parties. Doc. 1, pp. 1–3. PCA maintains that LeBleu, Lester, and JMW are Louisiana citizens but were improperly joined and, therefore, their citizenship should be ignored for purposes of determining diversity jurisdiction. *Id.* at pp. 2–3. One week after removing the case, PCA amended its notice of removal to address the claims against Wohlers.[1] Doc. 8, p. 2. PCA states that Wohlers's citizenship should be disregarded because he was not served prior to removal and he was improperly joined. *Id.*

Plaintiffs filed a Motion to Remand on May 2, 2018. Doc. 13. They argue that remand is required because they pleaded a valid cause of action against Wohlers, LeBleu, and Lester under a theory of executive liability as recognized by Louisiana law. Doc. 13, att. 1, pp. 12–16 (citing *Canter v. Koehring Co.*, 283 So.2d 716, 722 (La. 1973)). Plaintiffs assert that JMW was properly joined because it manufactured the tank that exploded. *Id.* at pp. 16–19 (citing the Louisiana Products Liability Act, La. R.S. § 9:2800.51 *et seq.* ("LPLA"). They maintain that this court lacks

---

[1] PCA explains that it filed the Amended Notice of Removal because when it first sought to remove the case it had not been served with the amended state court petition naming Wohlers as an additional defendant. Doc. 8, p. 2.

jurisdiction because all four defendants are citizens of Louisiana. *Id.* at p. 20 (citing 28 U.S.C. § 1441(b)). PCA has filed an opposition to remand. Doc. 15. It has also filed an unopposed Motion to Strike relating to evidence submitted by plaintiffs in support of their Motion to Remand. Doc. 16.

## II.
## LAW & ANALYSIS

### A. Motion to Strike

PCA filed a motion to strike the report attached to plaintiffs' motion to remand on grounds that it is inadmissible. Doc. 16. The report was prepared by the United States Chemical Safety and Hazard Investigation Board (hereafter "CSB") following the explosion that gave rise to the present action. Doc. 13, att. 4. As defendant correctly notes, under 42 U.S.C. § 7412(r)(6)(G), "No part of the conclusions, findings, or recommendations of the Board relating to any accidental release or the investigation thereof shall be admitted as evidence or used in any action or suit for damages **arising out of any matter mentioned in such report**."[2] (emphasis added). Accordingly, the Motion to Strike must be granted.

### B. Motion to Remand

Plaintiffs argue that remand is required because they set forth plausible claims against each in-state defendant. Doc. 13, att. 1, p. 5. PCA opposes remand on grounds that Wohlers was not properly joined and served prior to removal, [doc. 15, pp. 13–14], and that he, LeBleu, Lester, and JMW were improperly joined. *Id.* at p. 8.

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and by statute." *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013) (quotation omitted).

---

[2] CSB reports relating to **prior** incidents are cited in the complaints in this and related PCA cases. The parties do not argue, and the statute does not specify, that a report on earlier accidents would be inadmissible to show the company's knowledge of safety standards or needed improvements relating to a subsequent accident.

Generally, a defendant may remove a civil action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The diversity provisions of 28 U.S.C. § 1332(a)(1) require complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The removing party bears the burden of showing that removal was procedurally proper and federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Under the "forum defendant rule," a case otherwise removable on the basis of diversity must be remanded if any defendant who was "properly joined and served" at the time of removal is a citizen of the state where the original action was brought. 28 U.S.C. § 1441(b)(2).

### 1. Belated service of Timothy Wohlers

PCA removed this case from state court on April 2, 2018. Doc. 1. Because Wohlers was not served with plaintiff's amended petition until three days later, [doc. 15, att. 5], he was not served at the time of removal and the court does not consider him for the purposes of determining whether PCA has violated the forum defendant rule. 28 U.S.C. § 1441(b)(2); *Gross v. Old Republic Ins. Co.*, 2017 WL 6460054, at *1 (W.D. La. Dec. 18, 2017). Based on plaintiffs' assertion that they are entitled to remand due to his presence in the suit, however, we nonetheless consider whether he was improperly joined for the purpose of defeating diversity

### 2. Improper joinder of individual defendants

PCA argues that Wohlers, LeBleu, and Lester were improperly joined and, therefore, their presence does not create a forum defendant violation. Doc. 15, pp. 8–9. If removal is based on a claim that an in-state defendant has been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or an "inability of the plaintiff to

establish a cause of action against the non-diverse party in state court."[3] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Only the latter method is relevant here, because no fraud is alleged. Thus the relevant question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The movant is therefore required to put forth evidence "that would negate a possibility of liability on the part of [the nondiverse defendant]." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 767 (5th Cir. 2016) (quoting *Travis*, 326 F.3d at 650) (alterations in original). All contested issues of substantive fact and ambiguities in the controlling state law must be resolved in the plaintiff's favor. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In order to assess the plaintiff's possibility of recovery against the in-state defendant, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether [it] states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 574. This inquiry "depends upon and is tied to the factual fit between the [plaintiff's] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 574.

In some cases, however, the analysis should advance past the standards of Rule 12(b)(6). *Id.* at 573. This is appropriate where the plaintiff "has stated a claim, but has misstated or omitted

---

[3] The parties do not appear to contest the application of this doctrine, which began as an exception to the rule of complete diversity, to forum defendants. Today we join with the courts that assert that improper joinder has already been tacitly extended, or at least should easily be extended, to the forum defendant context, in particular reliance on the "properly joined" language in the statute. *See Butler v. ENSCO Intercontinental GmbH*, 2017 WL 496073, at *6–*7 (S.D. Tex. 2017) (collecting cases).

discrete facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* The summary inquiry is only appropriate "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," and should not proceed into a resolution of the merits. *Id.* at 573–74. On a summary inquiry into improper joinder, the court must still resolve all ambiguities in the plaintiff's favor. *Travis*, 326 F.3d at 648–49.

In this diversity case, the court applies state law to evaluate the sufficiency of the plaintiff's claims. *Henry v. O'Charleys, Inc.*, 861 F.Supp.2d 767, 771 (W.D. La. 2012). Under Louisiana tort law, an employee is personally liable to a third person if the employee breached a personal duty owed to that person. *Freeman v. Wal-Mart Stores, Inc.*, 775 F.Supp. 208, 210 (W.D. La. 1991). Courts look to the factors set forth by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), to determine if there is a basis for an employee's personal liability. *Id.* Under *Canter*, four factors must be satisfied before personal liability can be imposed:

> (1) The employer must owe a duty of care to the third person, the breach of which caused the damages for which recovery is sought.
> (2) The duty was delegated by the employer to the particular employee.
> (3) The employee breached the duty through his own personal fault.
> (4) Personal liability cannot be imposed simply because of general administrative responsibilities; instead it must result from a personal duty to the plaintiff that was not properly delegated to another employee.

*Canter*, 283 So.2d at 721 (*superseded by statute on other grounds as stated in Walls v. Am. Optical Corp.*, 740 So.2d 1262, 1265 (La. 1999)). Because the existence of a valid claim against the individual defendants depends on certain discrete and undisputed facts included in the parties' exhibits but omitted from the complaint, we exercise our discretion to pierce the pleadings in this matter.

Plaintiffs maintain that it is "undisputed" that LeBleu was delegated a duty to oversee contractor safety and breached his duty by allowing the welders to do hot work near the FC Tank. Doc. 13, att. 1, p. 14. As to Lester, plaintiffs assert that as pulp mill supervisor, he had a duty to "know[] which tanks [we]re under his control and the hazards associated with them" and that he was specifically responsible for the FC Tank. *Id.* They urge the court to follow the Fifth Circuit's decision in *Ford v. Elsbury*, 32 F.3d 931 (5th Cir. 1994). Doc. 13, att. 1, p. 15. In *Ford*, the court noted that a supervisor could be found to have a personal duty if he knew of a dangerous condition and failed to correct it. *Ford*, 32 F.3d at 936. The court determined that the supervisor was personally liable because, although he testified that he was unaware of the hazard, his statements were contradicted by the affidavits of five employees. *Id.* at 938–39. Here, plaintiffs contend that the individual defendants are personally liable because they knew or should have known of the hazardous condition and failed to ensure the welders' safety. Doc. 13, att. 1, p. 16.

PCA argues that plaintiffs have not stated a plausible claim under *Canter* because their allegations are not supported by factual assertions and are based on the individual defendants' general administrative duties. Doc. 15, pp. 15–17. As PCA notes, [*id.* at pp. 18–19], plaintiffs rely in part on the CSB report to provide the factual bases for their allegations. *See* doc. 13, att. 1, p. 14, nn.20–22; doc. 18, p. 2. PCA suggests that *Ford* is distinguishable from the present case because it has attached the sworn declarations of Wohlers [doc. 15, att. 3], LeBleu, [doc. 15, att. 2] and Lester, [doc. 15, att. 1]. Doc. 15, p. 25 (citing *Guillory v. PPG Indus., Inc.*, 434 F.3d 303 (5th Cir. 2005)).

As the CSB report relating to the instant accident is inadmissible, any factual assertions derived solely from it cannot be used to establish the liability of any defendant. Plaintiffs' allegation that Lester had a duty to oversee the FC Tank because he "should have known that [it]

was under his supervision" is based on the CSB report and we cannot, therefore, consider it. Doc. 18, pp. 2–3 (citing doc. 13, att. 4, p. 76, ¶ 1). According to Lester's declaration, he had no oversight of the FC Tank, no responsibility to conduct hazard reviews or approve a hot-work permit, and was not aware that any hot work was to be done near the FC Tank. Doc. 15, att. 1, ¶¶ 3, 5, 8. Because the uncontroverted evidence indicates that Lester had not been delegated a duty, plaintiffs fail to state a plausible claim against him.

In his declaration, Wohlers states that he served as recovery boiler superintendent and had no responsibility over the FC tank. Doc. 15, att. 3, p. 1, ¶ 5. He states that his only relevant action relating to the FC tank involved his participation in a decision not to perform maintenance and cleaning on the FC stripper in February of 2017, which would have incidentally resulted in the FC tank also being cleaned and stripped sooner, but had no relationship to the work being performed by Elite. *Id.* at ¶¶ 5, 9. He maintains that he had no knowledge of the work scheduled to occur by Elite near the FC tank. *Id.* at ¶¶ 5–6. In response plaintiffs only reference the declaration of Stephanie Partridge, a former assistant superintendent at the PCA facility in DeRidder, who asserts that Wohlers had supervisory responsibility over the FC tank but does not contradict his assertion that he was not present on the day that Elite's work was performed and had no knowledge that it was scheduled. *See* doc. 13, att. 5, p. 3. She maintains that Wohlers told her he had not had the tank cleaned prior to the explosion because it was not due for cleaning and cleaning was prohibitively expensive, but fails to set forth any facts purportedly in Wohlers' knowledge that would indicate that he committed any sort of breach by not ordering the tank cleaned.

As to LeBleu, plaintiffs submitted a printout purportedly taken from LeBleu's LinkedIn profile which indicates that at the time of the explosion he was a Senior Project Manager whose responsibilities included managing "mill capital projects" which involved "oversight of contractor

safety." Doc. 18, att. 1, p. 2. They suggest that LeBleu's profile contradicts his declaration that he was never delegated any duty. Doc. 18, p. 3. However, LeBleu states in his declaration that the capital projects to which he was assigned did not include "general repair and maintenance projects," such as the annual maintenance outage. Doc. 15, att. 2, ¶¶ 3, 5. He disavows any knowledge that the welders were scheduled to do any hot work near the FC Tank and was never delegated any responsibility over it. *Id.* at ¶ 6. Thus, PCA shows that he had not been delegated a duty for the welders' safety. Plaintiffs have not provided any facts to controvert his declaration and thus fail to state a plausible claim against LeBleu. Accordingly, they fail to show a possibility of recovery against any of the individual defendants.

### 3. Improper Joinder of James Machine Works

PCA asserts, in relevant part, that JMW is improperly joined because any claims against it are perempted. In support of its claim, it provides a sworn declaration from a PCA director, who sets forth facts within his personal knowledge about the FC tank's installation. Doc. 15, att. 4. Because the existence of a valid claim against JMW depends on certain discrete and undisputed facts included in this declaration but omitted from the complaint, we exercise our discretion to pierce the pleadings in this matter.

> Under Louisiana law, peremption refers to
>
>> a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. Unlike the doctrine of prescription . . . peremption may not be renounced, interrupted, or suspended.

*Wilson*, 602 F.3d at 369 (citing La. C.C. art. 3461) (cleaned up). Per Louisiana Revised Statute § 9:2772, as it existed at the time the FC tank was installed,[4] a seven-year peremptive period applies

---

[4] In *Wilson v. Martco Ltd. Partnership*, 2008 WL 11393109, *3 (W.D. La. Jul. 17, 2008), this court determined that it was appropriate to apply the version of the statute that existed when the allegedly defective improvement was installed instead of the version that existed when the accident occurred. Plaintiff does not challenge PCA's

to actions "against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovable, or improvements to immovable property."

Plaintiffs maintain that PCA lacks standing to raise this issue and could not raise the issue except as an affirmative defense. Doc. 18, p. 7. Louisiana Revised Statute § 9:2772(E), on which plaintiffs rely, provides only that the peremptive period "shall not be asserted **by way of defense** by a person in possession or control . . . of such an improvement at the time" the claim arises. This statute does not exclude a codefendant's ability to assert peremption as a means of showing improper joinder in order to defeat the plaintiffs' alleged attempts at forum manipulation.

Plaintiffs also rely on *Murphy v. R.J. Reynolds Tobacco*, 171 F.Supp.2d 636 (E.D. La. 2001), for the general proposition that improper joinder should not be found on the basis of an affirmative defense like peremption because, the court noted, "[d]efendants' affirmative defenses raise questions of fact and law that must be answered in favor of the plaintiffs for purposes of deciding remand." *Id.* at 638. As to this citation and the plaintiffs' general argument that the plaintiffs lack standing to assert peremption we note that the Fifth Circuit more recently upheld a finding of improper joinder based on peremption allegations asserted by the diverse defendants in their opposition to the plaintiff's motion for leave to amend. See *Wilson*, supra, 602 F.3d at 368–69. Plaintiffs identify no questions of fact that would preclude a finding of peremption this matter, while the facts set forth by PCA are sufficient to show that claims against JMW are perempted. PCA has thus carried its burden of showing no possibility of recovery against JMW. The motion to remand should be denied, and all claims against JMW, Wohlers, LeBleu, and Lester dismissed without prejudice.

---

representation that the version of the statute amended in 2000 is the appropriate one to apply in this case, based on PCA's predecessor taking possession of the tank in January 2001. Doc. 22, pp. 1–2.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that defendant's Motion to Remand [doc. 13] be **DENIED** and that all claims against JMW, Wohlers, LeBleu, and Lester **DISMISSED WITHOUT PREJUDICE**. It is further **RECOMMENDED** that the Motion to Strike [doc. 16] be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 30th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE