UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DENNIS AND DOROTHY STALLWORTH<br>Individually and on behalf of<br>SEDRICK STALLWORTH | CIVIL ACTION NO. 2:18-00440 |
| VERSUS | JUDGE SUMMERHAYS |
| PACKAGING CORP. OF AMERICA, INC.,<br>ET AL. | MAGISTRATE JUDGE KAY |

## RULING ON OBJECTIONS

Before the court is "Plaintiffs Motion to Remand" (Rec. 13) and "Defendant's Motion to Strike" (Rec. 16). The Magistrate Judge issued a Report and Recommendation[1] wherein she recommended that the Motion to Remand be denied and that Defendants, James Machine Works, LLC, Timothy Wohlers, Floyd Lebleu and Raymond Lester, be dismissed without prejudice. The Court issues this Ruling to address Plaintiffs' objection that the Magistrate Judge erred by piercing the pleadings and erred in recommending the dismissal of Packaging Corporation of America, Inc.'s ("PCA") employees Lebleu, Lester and Wohlers. (Rec. 22-1 at 4-14).[2]

The Court finds the Magistrate Judge appropriately exercised her discretion to pierce the pleadings in this matter. When a plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.[3]

---

[1] Rec. #19.
[2] The Court finds Plaintiffs' final objection (Rec. 22-1 at 14-17) is without merit, and overrules it without further discussion.
[3] *Guillory v. PPG Industries, Inc.* 434 F.3d 303 (5th Cir. 2005).

1

At a minimum, the complaint omitted discrete facts pertaining to Wohlers' presence *at the time of* the explosion and his knowledge of, as well as his responsibility for the welding work. The Defendant cannot rely on the lack of evidence alone but must negate every element of his claim. Defendant, Wohlers, submitted an affidavit which effectively negates his responsibility and therefore his personal duty to the welders on the day of the explosion.[4] Wohlers had no knowledge of the welding being done on the day of the explosion, he had no involvement in the permitting process, he was not present at the worksite at the time of the explosion, and thus he could nor should have been aware of the risks involved. Moreover, Wohlers had no reason to know of the hazardous conditions created by the welding work performed over the tank. There are no allegations that welding was a regular occurrence or something that Wohlers should have anticipated. These facts are uncontradicted. The undersigned is satisfied that Defendant, Wohlers, has met his burden of proof to preclude the possibility of recovery.

Defendant, Lester, submitted a Declaration[5] wherein he declared that the FCT was not within the scope of his responsibilities, and he had no personal duty or responsibility for maintenance, repairs or safety of the FCT. Lester declares that he worked the night shift and made no decisions with regard to the FCT. Lester's duties as Superintendent of the Yard did not include issuing or causing to issue hot work permits, nor did it include the decision to drain and clean the FCT. Significantly, the FCT which exploded was not under the scope of Lester's duties and/or responsibilities, and he had no knowledge that Elite Welders or its employees were performing work, or that that work was at or near the FCT. These facts are uncontradicted. The uncontradicted Declaration effectively negates Lester's responsibility and therefore his personal duty to the

---

[4] Defendants' exhibit C, Rec. 15-3.
[5] Defendants' exhibit A, Rec. 15-1.

welders on the day of the explosion. The undersigned is satisfied that Defendant, Lester, has met his burden of proof to preclude the possibility of recovery.

Defendant, LeBleu, submitted a Declaration[6] wherein he declared that he oversaw and managed capital projects. The FCT was not within the scope of his general administrative responsibilities. LeBleu's duties or responsibilities did not include issuing a purchase order for welding. The order for welding was a maintenance job, and LeBleu was not involved in maintenance, only capital projects. Draining and/or cleaning the FCT was not within LeBleu's job responsibilities. As a Project Engineer, LeBleu's job did not include issuing or causing to issue a work permit, and he had no knowledge that welding was being performed near the FCT.

Lebleu further declared that he was never delegated the job responsibility to determine whether to drain and clean the FCT in advance of the hot work being performed on the day of the explosion. In addition, Lebleu declared that he had no knowledge of hot work being performed at or near the FCT on the day of the explosion. These facts are uncontradicted. The undersigned is satisfied that Defendant, Lebleu, has met his burden of proof to preclude the possibility of recovery.

## **CONCLUSION**

Accordingly, for these additional reasons as well as those stated by the Magistrate Judge, the Report and Recommendation will be adopted, the Motion to Remand will be denied, and Defendants, James Machine Works, LLC, Timothy Wohlers, Floyd Lebleu, and Ray Lester will be dismissed without prejudice. In addition, the motion to strike will be granted for the reasons stated in the Report and Recommendation.

---

[6] Defendants' exhibit B, Rec. 15-2.

**THUS DONE AND SIGNED** in Lafayette, Louisiana on this 10th day of December, 2018.

*[signature]*

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE